UNITED STATES DISTRICT COURT
MIDDLE DISTRICT LOUISIANA

**RHEA DAVIS**                                         **CIVIL ACTION**

**VERSUS**                                             **NO.  16-297-BAJ-RLB**

**BATON ROUGE CITY**
**CONSTABLE'S OFFICE**

### STATEMENT OF MATERIAL FACTS

In accordance with Rule 56(a) of the Local Rules for the Middle District of Louisiana, Defendant, Baton Rouge City Constable's Office, respectfully represents there is no genuine issue to be tried with respect to the following material facts:

- Plaintiff worked as a Deputy Constable for Defendant from January 19, 2010, through her resignation January 2, 2015.  In 2012 received a ceremonial promotion to Jail Corporal in 2012.

- The Jail Corporal is selected exclusively by the Jail Sergeant, and is not a formal promotion in the City-Parish Civil Service System.

- Plaintiff remained in this position until her January 2, 2015 resignation.

- In 2013, the Constable's Office needed to make a change in operations.  At this time, both the Jail Sergeant and the Jail Corporal worked a schedule of 7:00am to 3:00pm or 6:00am to 2:00pm on a rotating basis, leaving only subordinate employees to complete the remainder of the day.

- After receiving a complaint from a sitting City Court Judge, the Constable's Office decided to change the schedule of the Jail Corporal to last until 5:00pm. This was an operational decision based on business necessity.

- Plaintiff complained this imposed a significant burden on her personally. The Constable's Office revisited this decision at Plaintiff's request, made other arrangements for staffing needs, and returned Plaintiff to her prior schedule.

- The entire time Plaintiff's schedule was changed was no longer than three weeks.

- In early 2014, the acting Jail Sergeant resigned to go to another law enforcement agency. The acting Jail Sergeant was a female, and was the first female ever promoted to that position.

- When asked about her interest in the position by Sergeant Ganiyu Jimoh, Plaintiff indicated she had no interest in being the Jail Sergeant. This was conveyed to Constable Reginald Brown, Sr.

- Plaintiff ultimately applied and qualified for the Jail Sergeant position, along with three other internal Deputy Constables. Another Deputy Constable was selected.

- Constable Brown selected Travis Brooks (male), primarily on the grounds that Brooks was a longer tenured employee and had a wider range of experience than Plaintiff, as he had worked in multiple divisions and had served in unique roles. Travis Brooks was hired because he was more qualified for the position, in consideration of all factors.

- As the incoming Jail Sergeant, Brooks had it within his discretion to remove Plaintiff from the Corporal position. Defendant notified the Department of this practice.

- Plaintiff viewed that as a formal demotion. However, this demotion never occurred, because Brooks retained Plaintiff as the Jail Corporal with no interruption in duties or privileges.

- In the spring of 2014, Plaintiff subsequently applied for a lateral transfer from the Jail Division to Judicial Enforcement. The Judicial Enforcement position serves subpoena's and warrants and performed the majority of the work on the street and in the community.

- Despite initially indicating she had no interest in this position, Plaintiff put in a letter of intent and was interviewed.

- Plaintiff's immediate supervisor recommended to the Constable that he would like the Constable to select one of three individuals: Plaintiff, Deputy Constable Anthony Haynes, or Deputy Constable Mark Hinson.

- Constable Brown selected Anthony Haynes for the position. The primary reason was the lengthy service record of Mr. Haynes in law enforcement roles out in the community. Haynes had served at multiple law enforcement agencies in a police officer capacity, and had significantly more experience on the street than Plaintiff, which was the deciding factor in that hiring decision.

- Plaintiff then submitted a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") related to the hiring of the Jail Sergeant position and the hiring of the Judicial Enforcement position.

- The EEOC issued a determination of their belief that gender was a factor in these employment decisions.

- On October 20, 2014, Constable Brown received a complaint from an employee that Plaintiff had admitted to engaging in illegal drug use off the job. The complaint indicated that Plaintiff was taking illegal drugs, and was doing so in a manner to avoid detection by typical City-Parish drug testing procedures.

- This complaint also alleged that Plaintiff was suffering from mental health issues that would raise concerns about her ability to perform the daily duties of her position. Plaintiff's duties involve carrying a firearm, operating a City-parish vehicle, and she has the power to arrest and authority to use force to accomplish that, just like any other POST-certified officer. The complaint alleged that Plaintiff was having mental health issues.

- Based on the nature of severity of the complaint, Plaintiff was placed on Administrative Leave with Pay pending an investigation by Internal Affairs, consistent with normal procedures.

- Plaintiff was ordered to take a hair follicle drug screen and submit to a psychological fitness for duty exam.

- A hair follicle screen, while not typical, was ordered in this case solely on the basis of the complaint filed. Plaintiff's drug screen came back negative.

- Plaintiff was also required to submit to the City-Parish psychological fitness for duty exam. This is routine exam that all law enforcement personnel must take at the time of hire. Plaintiff herself had taken this exam in 2010.

- Plaintiff was scheduled to take the exam on December 15, 2014, with the understanding that if she were cleared, she could return to work. Plaintiff appeared for the exam, and was ordered to take the exam by Internal Affairs personnel. Plaintiff left the testing facility and refused to take the exam.

- A second exam was scheduled for December 31, 2014. Plaintiff, through her counsel, was notified of the requirement.

- Plaintiff did not appear for the exam

- On December 31, 2014, Plaintiff was notified she was being placed on leave without pay pending disciplinary proceedings regarding her refusal to comply with a lawful order.

- Plaintiff resigned January 2, 2015.

- Plaintiff then submitted a second Charge of Discrimination alleging Retaliation for filing the first Charge when Plaintiff was ordered to submit to drug testing and for being placed on Administrative Leave With Pay.

- Regarding the second Charge of Discrimination, the EEOC found it was unable to conclude that the information obtained established a violation[s] of the statutes.

- Had Plaintiff successfully completed the fitness for duty exam she would have been reinstated with no loss in pay or benefits.

Respectfully Submitted:

**BY ATTORNEYS:**

**LEA ANNE BATSON**
**Parish Attorney**

**/s/ Marston Fowler**
**Marston Fowler T.A. (29719)**
**Office of the Parish Attorney**
**P.O. Box 1471**
**Baton Rouge, LA   70821**
**(225) 389-3114 - Telephone**
**(225) 389-5554 - Facsimile**
**Mfowler@brgov.com**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2017, a copy of the above and foregoing pleading, the Statement of Material Facts, was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the Plaintiff, Karl Bernard, by operation of the court's electronic filing system.

**/s/ Marston Fowler**