UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RHEA DAVIS, | * | |
|     *Plaintiff*, | * | CIVIL ACTION NO. 16-297-BAJ-RLB |
| VERSUS | * | |
| | * | |
| BATON ROUGE CITY CONSTABLE'S OFFICE, | * | JUDGE BRIAN A. JACKSON |
| | * | |
|     *Defendant* | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS |
| | * | |
| | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Rhea Davis, who submits the following statement of facts disputing Defendant's "Statement of Material Facts."

1. Denied. Plaintiff's promotion was not merely "ceremonial" because Plaintiff received a vehicle and a change in uniform in order to be identified as a supervisor.[1]

2. Denied. See denial above.

3. Admitted.

4. Neither admitted or denied as Plaintiff is unable to provide evidence to corroborate or deny whether or not the Constable's Office "needed" to make a change in operations.

5. Denied as written.[2]

6. Denied as written. The Constable's Office did not revisit its decision until after Plaintiff suggested that she would go to the Human Resources Department and the EEOC to seek change.[3]

---

[1] Exhibit C: Deposition of Rhea Davis, pg. 11-12.
[2] *Id.* at pg. 32.
[3] *Id.* at pg. 25-26.

1

7. Neither admitted or denied as Plaintiff is unable to provide evidence to corroborate or deny whether or not her schedule was changed for no longer than three weeks.

8. Denied as written. The acting Jail Sergeant, Terrica Williams, did not resign to go to another law enforcement agency. Rather, she resigned due to Defendant's mistreatment and ended up filing a lawsuit against the Constable's Office.[4]

9. Denied. The Jail Sergeant position might not have been the position Plaintiff initially wanted because she was on maternity leave at the time, but she always had an interest in this position.[5]

10. Admitted.

11. Denied. Travis Brooks was not more qualified for the position for several reasons. Unlike Brooks who only graduated from high school,[6] Plaintiff graduated from Louisiana State University with a Bachelor's degree in Criminology.[7] In addition, unlike Brooks, Plaintiff received both the Deputy of the Year Award and the Jail Deputy of the Year Award.[8] Also, Plaintiff did not only outperform Brooks on the civil service sergeant test, but Plaintiff's score was the highest amongst all other applicants,[9] and she served as the Interim Jail Sergeant.[10]

12. Denied as written. After appointing Brooks to the Jail Sergeant position, Constable Brown demoted Plaintiff while she was still on maternity leave. Constable Brown issued

---

[4] *See Terrica Williams v. Baton Rouge City Constable's Office,* Middle District of Louisiana, No. 15-563-JJB-EWD.
[5] Exhibit C: Deposition of Rhea Davis, pg. 39-40.
[6] Exhibit E: Deposition of Travis Brooks, pg. 16.
[7] Exhibit C: Deposition of Rhea Davis, pg. 7.
[8] *Id.* at pg. 35-38.
[9] *Id.* at p. 38.
[10] *Id.* at pg. 69.

a notice stating that the corporal position, which Plaintiff occupied at the time, "will remain vacant until further notice."[11]

13. Denied as written. Plaintiff was demoted while she was on maternity leave.[12]

14. Admitted.

15. Denied. If Plaintiff had no interest in this position, it was because of how she was treated when she applied for the Jail Sergeant position.[13]

16. Denied as written.[14]

17. Denied as written. At the time Anthony Haynes was selected for the position, he had only been with Defendant for eleven months.[15] As a matter of fact, Plaintiff trained Haynes and helped get him acclimated to the Constable's Office.[16]

18. Admitted.

19. Admitted.

20. Denied as written. Plaintiff reprimanded Carol Edwards for insubordination. The very same day, Edwards filed a complaint with Constable Brown accusing Plaintiff of illegal drug use off the job.[17]

21. Denied. See denial above.

22. Denied as written. Defendant placed Plaintiff on administrative leave because Plaintiff filed an EEOC complaint against Defendant for gender discrimination. Plaintiff was

---

[11] *Id.* at pg. 43-46.
[12] *Id.* at pg. 46.
[13] Exhibit B: Declaration of Rhea Davis.
[14] *Id; see also* Exhibit A: Deposition of Lawrence Navarre, at pg. 60.
[15] Exhibit C: Deposition of Rhea Davis, pg. 41.
[16] *Id.*
[17] *Id.* at pg. 46-47.

placed on administrative leave before any investigation into the veracity of Plaintiff's complaint was concluded.[18]

23. Admitted. However, demanding that Plaintiff participate in the hair follicle drug screen was an unprecedented request on Defendant's part. Plaintiff was also ordered to submit to a psychological fitness for duty exam even though the complaint alleged drug use and there was no prior evidence of Plaintiff being unable to fulfill her job duties and responsibilities.[19]

24. Denied as written. The hair follicle drug screen was ordered in retaliation for Plaintiff filing an earlier EEOC claim against Defendant.[20]

25. Denied as written. Plaintiff had already taken the City-Parish psychological fitness exam twice. Defendant demanded that Plaintiff submit herself to the strenuous exam due to a "drug use complaint," despite the fact that the initial cause of Plaintiff being placed on administrative leave had already been resolved. That is, Plaintiff's drug test results came back negative and there was simply no reason to subject Plaintiff to the psychological exam.[21]

26. Denied as written. In an effort to comply with Defendant's request, Plaintiff, through undersigned counsel, agreed that Plaintiff worould submit to the exam in the scope of which she would provide answers to verbal questions *only*, as opposed to written questions.[22]

27. Admitted.

28. Admitted.

---

[18] Exhibit B: Declaration of Rhea Davis.
[19] *Id.*
[20] *Id.*
[21] Exhibit C: Deposition of Rhea Davis, pg. 56.
[22] Exhibit B: Declaration of Rhea Davis.

4

29. Admitted.

30. Admitted. However, Plaintiff resigned because she received a letter saying that she would be transferred to another position and that she would be supervised by the individual in charge of the Internal Affairs investigation pertaining to the unsubstantiated allegations that an insubordinate employee launched against Plaintiff.[23]

31. Denied. Plaintiff was ordered to submit to drug testing based upon unsubstantiated allegations of an insubordinate employee whom Plaintiff reprimanded.[24]

32. Denied as written.

33. Denied as written. Plaintiff would not have been reinstated to the same position as she was informed in writing that she would be transferred to another position and work under the individual who was investigating the complaint filed against her.[25]

Respectfully submitted,

/s/ G. Karl Bernard
G. Karl Bernard (#24294)
G. KARL BERNARD & ASSOCIATES, LLC
1615 Poydras Street, Suite 220
New Orleans, Louisiana  70112
Telephone:   (504) 412-9953
Facsimile:   (504) 412-8088
E-mail: karl.bernard@karlbernardlaw.com

**Attorney for Plaintiff, Rhea Davis**

---

[23] Exhibit C: Deposition of Rhea Davis, pg. 60-61.
[24] Exhibit B: Declaration of Rhea Davis.
[25] Exhibit C: Deposition of Rhea Davis, pg. 60-61.

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 6th day of April, 2017, a copy of the foregoing pleading was served upon all counsel of record via the court's electronic filing system.

/s/ G. Karl Bernard
G. Karl Bernard
