UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RHEA DAVIS | CIVIL ACTION |
| VERSUS | |
| BATON ROUGE CITY CONSTABLES OFFICE | NO.: 16-00297-BAJ-RLB |

## RULING AND ORDER

Before the Court are the **Motion in Limine to Exclude and/or Limit Testimony and Evidence (Doc. 27)** filed by Defendant and the **Motion in Limine to Exclude Certain Defendant Exhibits (Doc. 28)** filed by Plaintiff. Defendant, in its Motion, seeks to preclude Plaintiff from introducing at trial a "Determination" that was issued by the Louisiana Commission on Human Rights. Plaintiff, in her Motion, seeks to preclude Defendant from introducing at trial a document containing the civil service test scores for all the candidates who were otherwise qualified for the position of "Sergeant" within Defendant's organizational structure. Defendant filed a memorandum in opposition to Plaintiff's Motion. (*See* Doc. 30). For the reasons explained herein, Defendant's **Motion in Limine to Exclude and/or Limit Testimony and Evidence (Doc. 27)** is GRANTED, and Plaintiff's **Motion in Limine to Exclude Certain Defendant Exhibits (Doc. 28)** is DENIED.

## I. DEFENDANT'S MOTION

Defendant seeks to preclude Plaintiff from introducing at trial a Determination that was issued by the Louisiana Commission on Human Rights ("LCHR"), in which the LCHR allegedly made the determination that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. ch. 21, subch. VI, by engaging in the conduct that gave rise to this lawsuit. The Determination recounts – briefly and in general terms – statements made by persons in interviews conducted by the LCHR and ultimately reaches the conclusion that "the evidence obtained during the investigation indicates that [Defendant] improperly used sex as a motivating factor to deny [Plaintiff] a promotion [and] a subsequent position for which she interviewed." (Doc. 27-2 at pp. 2-3).

Federal Rule of Evidence 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The United States Court of Appeals for the Fifth Circuit has noted that a "Letter of Violation" issued by the Equal Employment Opportunity Commission – which is comprised of information substantially similar in nature to that found in the Determination issued by the LCHR in this case – may be excludable "because it 'suggests that[,] preliminarily[,] there is reason to believe that a violation has taken place' and therefore results in unfair prejudice to [a] defendant.'" *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (quoting *Gilchrist v. Jim Slemons*

2

*Imps., Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986)).

The probative value of the Determination is substantially outweighed by the danger of unfair prejudice to the Defendant. The jury in this case will be tasked with determining whether Defendant failed to promote or hire Plaintiff because of her sex. Through the Determination, the LCHR already has reached the conclusion that Defendant indeed "improperly used sex as a motivating factor to deny [Plaintiff] a promotion [and] a subsequent position for which she interviewed," essentially suggesting that Defendant violated Title VII. (*Id.*). The introduction of the Determination, therefore, would unfairly prejudice the jury: the risk that the jury would give undue weight to the conclusion of the LCHR that Defendant utilized Plaintiff's sex as a basis for adverse employment actions – and that the jury thereby would adopt that conclusion as their own due to the imprimatur of the State of Louisiana – is substantial. *See Manville Sales Corp.*, 27 F.3d at 1095. The probative value of the evidence – which is low, considering that the report merely recounts general details that the LCHR gleaned through its interviews of persons who will be called by the parties to testify at trial – is "substantially outweighed" by this unfair prejudice, and the Determination therefore shall be excluded from evidence. Fed. R. Civ. P. 403.

## II. PLAINTIFF'S MOTION

Plaintiff seeks to preclude Defendant from introducing at trial a document containing the civil service test scores for all the candidates who were otherwise qualified for the position of "Sergeant" within Defendant's organizational structure ("civil service test scores").[1] Plaintiff argues that the civil service test scores were not provided to Plaintiff by Defendant during the discovery period and that, therefore, Defendant should be precluded from introducing the civil service test scores at trial.

Federal Rule of Civil Procedure 26(a) requires each party to provide to the other "a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). "If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In evaluating whether a violation of [R]ule 26 is harmless," the Fifth Circuit has instructed courts to consider four factors: "(1) the importance of the evidence[,] (2) the prejudice to the opposing party of including the evidence[,] (3) the possibility of curing such prejudice by granting a continuance[,] and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

---

[1] The Court notes that Plaintiff did not describe with clarity the specific documents she wishes to exclude from evidence. Plaintiff merely identified the documents she wishes to exclude as "documents, identified for the first time during preparation of the Joint Pretrial Order." Doc. 28 at p. 1. Plaintiff then described the documents as "certain documents on Defendant's Exhibit List, including 'Civil Service Test Scores of All Qualified Applicants for the Sergeant Position.'" Doc. 28-1 at p. 2. The document containing the civil service test scores is the only document that Plaintiff describes with particularity. *See* Docs. 28, 28-1.

4

Defendant's violation of Rule 26, even assuming that a violation occurred, is harmless. Counsel for Defendant represented to the Court that he has an "honest and good faith belief that Defendant did in fact produce" the civil service test scores to Plaintiff "on February 10, 2017." (Doc. 30 at p. 2). Any failure to disclose the civil service test scores prior to the preparation of the Joint Pretrial Order, therefore, appears to be inadvertent. Further, the civil service test scores nonetheless were submitted to Plaintiff on July 20, 2017, and Plaintiff therefore has enjoyed five weeks to investigate this document for authenticity and accuracy. (*Id.* at p. 3). Additionally, the civil service test scores demonstrate that Plaintiff obtained the highest score on the relevant exam among all qualified applicants, and therefore the civil service test scores may not be prejudicial to Plaintiff whatsoever. (*Id.* at pp. 2-3). Therefore, considering the factors espoused by the Fifth Circuit in *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394 (5th Cir. 2003), the Court finds that Defendant's alleged violation of Rule 26 was harmless and that the civil service test scores thus shall not be excluded.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion in Limine to Exclude and/or Limit Testimony and Evidence (Doc. 27)** filed by Defendant is **GRANTED**. The "Determination" issued by the Louisiana Commission on Human Rights regarding Defendant's conduct that gave rise to this action shall be **EXCLUDED** from evidence at trial.

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude Certain Defendant Exhibits (Doc. 28)** filed by Plaintiff is **DENIED**.

Baton Rouge, Louisiana, this 25th day of August, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA